**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KARINA LOPEZ TAPANEZ,**<br><br>***Petitioner*,**<br>**v.**<br><br>**MARY DE ANDA-YBARRA,**<br>Director of El Paso Field Office, Immigration and Customs Enforcement;<br>**WARDEN** of ERO El Paso Camp East Montana;<br>**MARKWAYNE MULLIN,**<br>*in his official capacity as* Secretary of the U.S. Department of Homeland Security; **and**<br>**TODD BLANCHE,**<br>*in his official capacity as* U.S. Attorney General,<br><br>***Respondents*.** | § § § § § § § § § § § § § § § § § § § | **EP-26-CV-01748-DCG** |

**ORDER FOR PETITIONER TO PROVIDE STATUS UPDATE**

Petitioner Karina Lopez Tapanez is a Cuban citizen who filed a habeas petition challenging her immigration detention.[1] In her latest filing on August 10, 2026, Petitioner represented that an Immigration Judge ("IJ") granted her legal permanent residence in the United States on July 20, 2026.[2] But Petitioner explained that she had not yet been released because "she is still within the 30 day DHS appeal window."[3] That window has now expired.[4] And the

[1] *See* Pet., ECF No. 1, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[2] Pet'r Reply, ECF No. 5, at 1; *see* IJ Order, ECF No. 5-1 at 10.

[3] Pet'r Reply at 2.

[4] Thirty days after the IJ's order was August 19, 2026.

government's Online Detainee Locator System shows no results for Petitioner, suggesting she is no longer in custody.[5] Given the foregoing, this case may be moot.[6]

The Court therefore **ORDERS** Petitioner's counsel to file a Status Update by **September 21, 2026** explaining (1) whether Petitioner has been released and (2) if so, whether the case should be dismissed as moot.

**So ORDERED and SIGNED this 14th day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

[5] Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Sep. 14, 2026) (returning no results either for Petitioner's name or her A-Number).

[6] *See, e.g.*, *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (stating that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release," but noting that "a released petitioner can avoid mootness if he or she can demonstrate collateral consequences from their detention that can be redressed by a favorable decision" (citation modified)).