**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **KARINA LOPEZ TAPANEZ,**<br><br>***Petitioner*****,**<br>**v.**<br><br>**MARY DE ANDA-YBARRA,**<br>Director of El Paso Field Office, Immigration and Customs Enforcement;<br>**WARDEN** of ERO El Paso Camp East Montana;<br>**MARKWAYNE MULLIN,**<br>*in his official capacity as* Secretary of the U.S. Department of Homeland Security; **and**<br>**TODD BLANCHE,**<br>*in his official capacity as* U.S. Attorney General,<br><br>***Respondents*****.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **EP-26-CV-01748-DCG** |

**ORDER DISMISSING CASE AS MOOT**

Petitioner Karina Lopez Tapanez is a Cuban citizen who filed a habeas petition challenging her immigration detention.[1] Petitioner recently represented that an Immigration Judge ("IJ") granted her legal permanent residence in the United States.[2] Consequently, the Court suggested that this case may be moot and ordered Petitioner to explain (1) whether she has been released and (2) if so, whether this case should be dismissed as moot.[3]

---

[1] *See* Pet., ECF No. 1, at 1.

All page citations in this Order refer to the page numbers assigned by the Court's CM/ECF system, rather than the internal pagination of the cited document.

[2] Pet'r Reply, ECF No. 5, at 1; *see* IJ Order, ECF No. 5-1 at 10.

[3] Order Requiring Pet'r Status Update, ECF No. 6.

Petitioner's counsel filed a Status Update confirming that "Petitioner was released from ICE custody on approximately August 27, 2026."[4] However, that Status Update did not dispute that the case should be dismissed as moot.[5] Courts' usual practice is to dismiss similar cases as moot,[6] and Petitioner waived any objection to mootness by choosing not to address the issue despite the Court's Order requiring her to do so.[7]

The Court therefore **DISMISSES** the above-captioned case **WITHOUT PREJUDICE** as **MOOT**.[8]

The Court **CLOSES** the case.

**So ORDERED and SIGNED this 21st day of September 2026.**

**DAVID C. GUADERRAMA**
**SENIOR U.S. DISTRICT JUDGE**

---

[4] Pet'r Status Update, ECF No. 7, at 1.

[5] *See id.*

[6] *See, e.g.*, *Maci v. Hable*, No. 1:19-cv-201, 2020 WL 4480869, at *3 (S.D. Tex. July 9, 2020) ("[The petitioner] filed a claim for habeas corpus, seeking immediate release from custody. [The petitioner] has since been removed from the United States. [The petitioner]'s removal from the United States mooted any habeas claim to relief." (citations omitted)), *report and recommendation accepted by* 2020 WL 4464712 (S.D. Tex. Aug. 4, 2020); *E.G.V.A. ex rel. Vimos Rivera v. Sanchez*, No. 1:26-cv-02258, 2026 WL 2254646, at *2 (S.D.N.Y. Aug. 5, 2026) (noting, with exceptions that don't appear to apply here, that "a habeas corpus petition seeking release from immigration custody is generally mooted upon release").

[7] *See Mann v. Am. Federated Life Ins. Co.*, 146 F.3d 868, 1998 WL 327238, at *4 (5th Cir. 1998) (unpublished) ("Failure to brief issues constitutes waiver and abandonment of such issues."); *Kinder v. Federal National Mortgage Ass'n*, No. 3:13-CV-4617-G (BN), 2014 WL 642796, at *2 (N.D. Tex. Feb. 19, 2014) ("Plaintiffs have not addressed the issue at all, despite the Court's order requiring them to do so.").

[8] *See Lamle v. Eads*, 134 F.4th 562, 566 (10th Cir. 2025) (noting that a dismissal on mootness grounds should be "without prejudice" "[b]ecause mootness is jurisdictional").